BIAYS, (BAXTER v.) See Case No. 1,123.

## Case No. 1,383.

### BIAYS v. UNION INS. CO.

[1 Wash. C. C. 506.][1]

Circuit Court, D. Pennsylvania. Oct. Term, 1806.

MARINE INSURANCE—MISREPRESENTATION AND CONCEALMENT BY ASSURED.

1. It is the duty of the assured to represent truly to the underwriter every fact within his knowledge or power, material to the risk, and if he omit to do so, the policy is void.

2. If he communicates all the information he has honestly obtained, he cannot be charged with misrepresentation or concealment, if it should, afterwards, turn out that his informant knew more than he had disclosed, or had not stated it truly.

3. If, for fraudulent purposes, he avoided obtaining a full and true disclosure, the consequences would be the same, as if he had misrepresented the information given to him.

This was a policy on the Mary Ann, at and from Cape Francois to Baltimore. It appeared in evidence by the testimony of Captain West, that he commanded the Mary, and that he left the cape in company with the Mary Ann, and that they continued together until the afternoon of the 8th of September, 1804, when the Mary Ann hove to, in consequence of which, the Mary did so too, the wind blowing fresh. The night was dark; and in the morning the weather continued so thick, that he could not discover the Mary Ann. He continued drifting under reefed sails, till about twelve of the 9th; when supposing that the Mary Ann had shot ahead, he put on more sail, and arrived in six days at Baltimore. The wind blew fresh during the 6th, 7th, and 8th of September. When he arrived at Baltimore, he informed Hannah, the clerk of the plaintiff, that he had left the Mary Ann on the night of the 8th, the wind blowing fresh, which information was put into writing, and shown to Captain West, to say if that contained a true statement of the information he had given. Being approved by West, as containing the information he had given, it was in three days after the arrival of West forwarded to the agent of the plaintiff, with orders to make this insurance.

This statement was shown to the defendant, when the insurance was made. West also proved, that when he last saw the Mary Ann, there was no appearance of any thing being amiss with her. The conformity of the statement shown to the defendant, with the information received from West, was proved by the testimony of Hannah. In December, 1804, some time after the arrival of West, his deposition was taken on the part of the defendant; when he swore, that he and the Mary Ann kept company, till the 8th at night, when he left her in a heavy gale, which had blown for the two preceding days; and in July, 1805, when his deposition was taken again, he swore that he gave this information to the plaintiff on his arrival. The Mary Ann has not since been heard of. The ground of defence was, that the representation made to the defendant, was materially variant from the information given to the plaintiff's clerk by Captain West.

WASHINGTON, Circuit Justice, (charged the jury.) It is the duty of the assured to represent truly to the underwriter every fact within his knowledge or power, material to the risk; and if he omit to do so, the policy is void. If he communicates all the information which he has honestly obtained, he cannot be charged with misrepresentation or concealment, if it should afterwards turn out that his informant knew more than he had disclosed, or had stated it untruly. I say "honestly obtained," because, certainly, if for fraudulent purposes, he avoided obtaining a full and true disclosure, the consequence would be the same, as if he had himself misrepresented the information given to him. Proceeding upon these principles, I think, that without going farther than I am authorized to do, I may safely say, that if Hannah is believed, there is no ground for the charge of misrepresentation. The difference between the information given to the plaintiff, as stated by West on his examination in court, and that stated in his deposition in July, is material, or not. If not material, then the representation given to the office was substantially true; if material, then the witness, having contradicted himself, if his testimony in court is not more to be believed than that given out of court, he is not to be credited at all as to this point; and of course there is no proof of misrepresentation. But, on the contrary, Hannah proves, that the information given by West was committed to writing examined and approved by him, and this paper was shown to the defendant.